# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 50002 - 4 | **DATE** | 7/3/2002 |
| **CASE TITLE** | U.S.A. vs. DELGADO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Delgado's motion for disclosure of informant's identity is granted.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 8 number of notices | Document Number |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 08 2002 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 2002 JUL -3 PM 3:20 | 7-3-02 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | CR mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Andres Suarez Delgado and several others were charged in a five-count indictment. Delgado is charged with two counts of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to possess and distribute both cocaine and marijuana, in violation of 21 U.S.C. § 846. Delgado has filed a motion to compel the pretrial disclosure of the confidential informant's identity.

The confidential informant ("CI") provided information to the FBI that persons would be delivering a shipment of marijuana to the Rockford area. The CI later informed the FBI that the shipment of marijuana would arrive at the Taco Loco restaurant on January 2, 2002. FBI agents and narcotics officers established surveillance outside the restaurant. Officers observed two vans outside the restaurant, one gray, the other white. Shortly thereafter, Delgado and co-defendant Cuevas exited the Taco Loco and got into the white van. Officers followed the van until it stopped in front of the CI's house. Delgado and Cuevas then went into the CI's home, carrying a white plastic, rectangular package. Delgado and Cuevas subsequently got into a Toyota and drove to a second residence. Cuevas went into the home briefly. Defendants next drove back to the Taco Loco, and briefly conversed with an unidentified man. After this conversation, Delgado and Cuevas went back to the second residence. Officers arrested Delgado and Cuevas outside of this home.

The government has a limited privilege to withhold the identity of a confidential informant. United States v. Bender, 5 F.3d 267, 269 (7th Cir. 1993) (citing Roviaro v. United States, 353 U.S. 53 (1957)); see also Herron v. Donahue, No. 93 C 20328, 1994 WL 369657, at *5 (N.D. Ill. June 7, 1994) (Reinhard, J.). In determining whether to reveal an informant's identity, the court must balance the public interest in protecting the flow of information against the individual's right to prepare a defense. Roviaro, 353 U.S. at 62; see also United States v. Jefferson, 252 F.3d 937, 940-41 (7th Cir. 2001). In striking this balance, the court must take into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors. Roviaro, 353 U.S. at 62; Herron, 1994 WL 369657, at *5. A defendant must demonstrate that he possesses a genuine need of informant disclosure that outweighs the public's interest in nondisclosure. Bender, 5 F.3d at 270; see also Herron, 1994 WL 369657, at *5. A genuine need is something beyond the naked assertion of a defendant's right to confront and cross-examine witnesses, United States v. Spears, 965 F.2d 262, 273 (7th Cir.), cert. denied, 506 U.S. 989 (1992); it is that the informant's identity will be relevant and helpful to the defense or essential to a fair determination of the cause. Bender, 5 F.3d at 269.

Assessing the Roviaro factors, the balance tips in favor of Delgado. The informant in this case took part in discussions involving the planning of the drug transaction. Further, Delgado and Cuevas actually delivered drugs to the CI's home. Informants who play major roles in criminal activity will likely offer more significant testimony than those whose participation was merely peripheral. United States v. Valles, 41 F.3d 355, 358 (7th Cir. 1994). As the CI in this case appears to have played a significant role in the planning and execution of the transaction, the CI's testimony is likely to be necessary to the defense. The CI will be a major witness as to what transpired inside his or her residence during the transaction, and this testimony will surely be relevant to the accused.

For the reasons stated above, Delgado's motion for disclosure of informant's identity is granted. Identity shall be disclosed by July 22, 2002.